O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO T. CHUA, LETICIA T. CHUA, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>IB PROPERTY HOLDINGS, LLC, <br><br>　　　　Defendant. | Case No. CV 11-05894 DDP (SPx) <br><br>**ORDER DENYING PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** <br><br>[Ex parte Application for a Temporary Restraining Order and Order to Show Cause Regarding a Preliminary Injunction filed on July 25, 2011] |

　　　Presently before the court is Plaintiffs Benito Chua and Leticia Chua's Ex Parte Application for a Temporary Restraining Order ("TRO") and Order to Show Cause Regarding a Preliminary Injunction. The court has considered the application and the arguments in support thereof, and the court DENIES Plaintiffs' application.

**I. Background**

　　　In December 2005, Plaintiffs obtained a loan in the amount of $400,000 from Wausau Mortgage Corporation. (Compl. ¶ 3.) The promisory note was endorsed by Lehman Brothers Bank, FSB. (Id.) In order to secure the payment of the principal sum as provided by the

note, Plaintiffs, as trustors, executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS") a Deed of Trust, by the terms of which they conveyed to Chicago Title, as trustee, the real property at issue in this action.

On February 4, 2010, an assignment of the Deed of Trust was executed by MERS in favor of CitiMortgage, Inc. against the property. (Id. ¶ 5.) The assignment was executed by Lisa Markham, Assistant Vice President of MERS. (Id.) That same day, a substitution of trustee was executed by CitiMortgate, Inc., changing the trustee under the Deed of Trust from Chicago Title to CR Title Services, Inc. This substitution was executed by Lisa Markham, Assistant Vice President of CitiMortgage, Inc. (Id. ¶ 6.)

In February 2010, First American Title Insurance as authorized agent for CR Title Services, Inc., recorded a notice of default and executed a Notice of Default and Election to Sell. (Id. ¶ 7.) In May 2010, Plaintiffs filed for Chapter 7 Bankruptcy. (Id. ¶ 8.) On November 11, 2010, an assignment of deed of trust was executed by CitiMortgage, Inc. in favor of IB Property Holdings, LLC. The related assignment deed of trust was signed by Lisa Markham, Assistant Vice President of CitiMortgage, Inc. (Id. ¶ 11.) That same day a Trustee's Deed Upon Sale was executed by CR Title Services, Inc. in favor of IB Property Holdings, LLC against the property. (Id. ¶ 12.)

On July 18, 2011, Plaintiffs filed a complaint against IB Property Holdings, LLC ("Defendant") alleging various violations of California law in relation to assignment of deed of trust and the foreclosure sale of Plaintiffs' home, located at 2331 Hillview Avenue, Monterey Park, CA 91754. Plaintiffs claim federal

jurisdiction on the basis of complete diversity of the parties and an amount in controversy in excess of $75,000. (Compl. ¶ 1.)

**II. Legal Standard**

"Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." Pimentel v. Deutsche Bank Nat. Trust Co., No. 09-CV-2264, 2009 WL 3398789, at *1 (S.D. Cal. Oct. 20, 2009); see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (stating the standards for issuing a TRO are "substantially identical" to those for issuing a preliminary injunction). Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008)). "A preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2010) (internal quotation marks and brackets omitted). A TRO is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. Winter, 129 S. Ct. at 376.

///
///

### III. Discussion

On July 25, 2010, Plaintiff filed an <u>ex parte</u> application for a temporary restraining order to set aside the foreclosure sale and to enjoin Defendant from taking any action to retain possession of the property. (Dkt. No. 4.)

Plaintiffs' argue that they are entitled to a TRO because the assignment of the Deed of Trust from CitiMortgage, Inc. to IB Property Holdings, LLC (the "Assignment") was invalid. (Compl. ¶¶ 13-14.) In particular, Plaintiffs argue that the Assignment was infected by the preceding February 4, 2010, assignment of the deed of trust, which was executed by MERS in favor of CitiMortgage, Inc. (Compl. ¶ 5.)

The February 4, 2010, assignment was executed by Lisa Markham, an individual who Plaintiffs refer to as a "robo-signer," and whose title at the time of that assignment was Assistant Vice President of Mortgage Electronic Registration Systems. (Compl. ¶ 5.) Lisa Markham, however, also executed a substitution of trustee on February 4, 2010, and on that document Lisa Markham listed her title as Assistant Vice President of CitiMortgage, Inc. (Compl. ¶ 6.) Plaintiffs refer to Lisa Markham as a "robo-signer," and argue that because she was not a valid signatory the related transfer and substitution were invalid and, therefore, CitiMortgage, Inc. did not have a valid deed of trust to transfer to IB Property Holdings, LLC on November 11, 2010. (Compl. ¶ 13.) Accordingly, Plaintiffs maintain that "IB Holdings failed to properly foreclose because they cannot prove they were entitled to money payments and the assignments upon which they relied for the right to foreclose were faulty." (Pls.' Ex Parte Application 11:2-6.)

The court first considers the merits of Plaintiffs' claim and concludes that Plaintiffs have not demonstrated a likelihood of success. Plaintiffs argue that the February 4, 2010, assignment and substitution of trustee were invalid because Plaintiff believes Lisa Markham was a "robo signer." Plaintiffs offer by way of evidence in support of this argument the fact that Lisa Markham listed as her title to be Assistant Vice President of CitiMortgage, Inc. in one instance and then Assistance Vice President of MERS on another.

Under California Civil Code section 2924(a)(1) a "trustee, mortgage or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924b(b)(4) a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Here, Plaintiff offers little more than a speculation that Lisa Markham is not an authorized agent. Furthermore, other than the bare allegation, Plaintiffs produced no information supporting their theory that Lisa Markham is a "robo signer." Additionally, to the extent that Plaintiffs take issue with Lisa Markham's dual position, Plaintiffs have not identified a relevant legal authority prohibiting one individual from working for both CitiMortgage and MERS or from acting as an agent for both. See Bogosian v. CR Title Services, Inc., 2011 WL 2039368, at * (C.D. Cal. May 18, 2011) (denying a TRO where Plaintiffs argued that Lisa Markham's signature and assignment was invalid because she signed on behalf of MERS and CitiMortgage).

5

The sale of Plaintiffs' home has already occurred and Plaintiffs no longer inhabit the residence, and therefore the court finds that the likelihood of irreparable harm if the court denies Plaintiffs' application for a TRO is reduced. This injunction factor does not favor granting Plaintiffs' TRO request.

Finally, the court considers whether the balance of equities tips in Plaintiffs' favor and whether the public interest will benefit from the proposed injunction. Plaintiff argues generally that the assignments at issue are part of a large act of "collusion, subterfuge and maneuvering." (Pls.' Ex Parte Application 12:4-5.) Plaintiffs' allegations and arguments, as explained above, are not supported. Accordingly, the court finds that it would not be in the public interest or equitable to find in Plaintiffs' favor and grant a TRO in this action.

Because an injunction is an extraordinary remedy, the movant must carry its burden of persuasion by a "clear showing." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). Plaintiffs have not provided adequate authority to support their argument that they are entitled to an order setting aside the non-judicial foreclosure sale.

**IV. Conclusion**

For the reasons stated above, Plaintiffs' Application for a Temporary Restraining Order and Order to Show Cause for Preliminary Injunction is DENIED.

IT IS SO ORDERED.

Dated: August 1, 2011

DEAN D. PREGERSON
United States District Judge